UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>VELARMINO ESCOBAR-AYALA,<br>　　　　　Defendant. | Case No. 17-cr-00068-EJD-1 (SVK)<br><br>**DETENTION ORDER** |

　　　In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant VELARMINO ESCOBAR-AYALA, and the Court on February 28, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

　　　The defendant was present at the detention hearing, represented by his attorney Jay Rorty (appointed from the Criminal Justice Act Panel) and assisted by a Spanish-language interpreter. The Government was represented by Assistant U.S. Attorney William Edelman.

　　　The defendant is charged by indictment in this District with one felony count of conspiracy to commit extortion by force in violation of 18 U.S.C. § 1951(a). The indictment arises from a multi-year investigation of a Santa Cruz street gang known as Santa Cruz Salvatrucha Locos 13 (SCSL13). Defendant ESCOBAR-AYALA has been identified as an active member of SCSL13. Specifically, the indictment asserts that ESCOBAR-AYALA conspired to obtain property from drug dealers selling controlled substances in Santa Cruz, California, by threatening physical

violence against the drug dealers and other persons close to them if the drug dealers refused to pay the money or property demanded.

As documented in the ECF records, ESCOBAR-AYALA initially appeared and was arraigned on February 13, 2017. A detention hearing was initially scheduled for February 14, 2017, and a record check report was requested. On February 14, the detention hearing was continued to February 28, 2017. A report prepared by Pretrial Services on February 27, 2017, recommends that ESCOBAR-AYALA be detained as a flight risk.

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Judge Edward Davila.

**I. PRESUMPTIONS**

The charged offense does not create a rebuttable presumption of detention.

**II. REBUTTAL OF PRESUMPTIONS**

Not applicable.

**III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS**

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows:

The Court adopts the facts set forth in the Pretrial Services Report, supplemented by information presented at the hearing. The Court finds that the Government has established by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant at future proceedings. The reasons for the detention include the following: the weight of the evidence; the violent nature of the conspiracy to commit extortion and defendant's role in execution of the conspiracy as set forth in the government's proffer; defendant's unwillingness to comment on his travel history or whether he possesses a travel document in combination with his familial ties to a foreign country; defendant's unwillingness to comment on his history regarding alcohol and illicit substances; defendant's lack of current employment and the uncertainty regarding his place of residence; defendant's uncertain

immigration status in combination with defendant's previous conviction of a Count 1 Felony; and the absence of any financially viable sureties.

As to risk of safety to any other person or to the community, the Court was not provided sufficient information to make a determination at this time.

**IV.     DIRECTIONS REGARDING DETENTION**

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Dated: March 1, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge