UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VELARMINO ESCOBAR-AYALA,<br>Defendant. | Case No. 17-cr-00068-EJD-1 (VKD)<br><br>**ORDER RE DEFENDANT MARTINEZ-FLORES'S MOTION TO COMPEL PRODUCTION OF DISCOVERY**<br>Re: Dkt. No. 139 |

Defendant Alexander Martinez-Flores seeks an order compelling the United States to produce discovery in compliance with Rule 16 of the Federal Rules of Criminal Procedure and the government's disclosure obligations under *Brady v. Maryland*. Dkt. No. 139. All other defendants join in Mr. Martinez-Flores's motion. Dkt. Nos. 142, 149. The government opposes the motion, arguing that it is already in compliance with its discovery obligations and that the Court lacks authority to order production of some of the material at issue. Dkt. No. 148. The Court held a hearing on the motion on September 12, 2018.[1] Dkt. No. 168.

Having considered the parties' papers and the arguments presented by counsel at the hearing, the Court grants in part and denies in part Mr. Martinez-Flores's motion and orders further proceedings as described below.

I.  **BACKGROUND**

In February 2017, the United States charged Mr. Martinez-Flores and six co-defendants with one count of conspiracy to commit extortion. Three other co-defendants were charged with

---

[1] Counsel for all defendants attended the hearing. Counsel for Mr. Martinez-Flores represented that he was authorized to argue the motion on behalf of all defendants.

conspiracy with intent to distribute methamphetamine. Dkt. No. 1. The grand jury returned superseding indictments on April 5, 2018 and August 16, 2018. Dkt. Nos. 101, 147. The second superseding indictment charges Mr. Martinez-Flores with six counts, including racketeering conspiracy, conspiracy to commit extortion, conspiracy to commit murder and murder in aid of racketeering, and firearms offenses. Dkt. No. 147. Eleven other defendants are also charged in the second superseding indictment. Three defendants, including Mr. Martinez-Flores, are charged with offenses that carry a potential penalty of death. *Id.*

The Unites States represents that the discovery in this matter consists of electronic documents, audio, video, and other files that comprise approximately 315 gigabytes of data, as well as physical and forensic evidence relating to a burned vehicle. Dkt. No. 140. In addition, counsel for the government stated at the hearing that an unknown quantity of physical evidence, potentially including paper documents, also exists that may also need to be reviewed for purposes of discovery. At least some portion of the material that has been collected for discovery has been in the United States' possession since at least February 2017, the date of the original indictment.

On February 22, 2017, counsel for Mr. Martinez-Flores sent a written request for discovery to the government. Dkt. No. 139-1, Ex. 1. As of the date of the hearing, the United States had produced approximately 17,000 pages of documents and a number of media files, which include photographs, audio recordings,[2] surveillance images, cell phone records, incident reports, laboratory reports, records from a prior case against one defendant, immigration detainers, jail notebook writings of one defendant, a news article, summaries of witness interviews, and fifteen recorded witness interviews. *See* Dkt. No. 83; Dkt. No. 139 at 3; Dkt. No. 139-1, Ex. 2; Dkt. No. 148-1, Exs. A and B; Dkt. No. 150 at 2.

Mr. Martinez-Flores seeks the following relief:

> The government should be required to produce all materials in its possession or control that do not involve [Jencks Act] witness statements. In addition, the government should be ordered to produce any and all summaries and non-verbatim recitations of

---

[2] Mr. Martinez-Flores contends that the audio recordings the United States has produced are of such poor quality that their contents are difficult to understand without the aid of transcripts, some of which the government has provided. Dkt. Nos. 83, 139-1, Ex. 2.

> witness statements contained in reports or memoranda prepared by local law enforcement agencies. To the extent any such reports or memoranda contain verbatim witness statements (or statements expressly adopted by a witness), the government should produce those reports or memoranda in redacted form. In addition, the government should produce all statements by witnesses whom the government reasonably knows it will not call to testify at trial.

Dkt. No. 139 at 7–8. The United States responds that no such relief is necessary because the government is producing documents in compliance with its Rule 16 and *Brady* obligations, and will make disclosures, when appropriate, under the Jencks Act. In addition, the United States argues that the Court may not compel production of witness statement summaries or material that falls under the purview of the Jencks Act. Dkt. No. 148 at 2.

## II.  LEGAL STANDARDS

Rule 16 requires the government to produce five categories of discovery upon a defendant's request: the defendant's written and oral statements, the defendant's prior criminal record, documents and objects that are material to preparing the defense and/or that the government intends to use in its case-in-chief, reports of examinations and tests, and summaries of expert witness testimony. Fed. R. Crim. P. 16(a)(1). However, a defendant is not entitled to pre-trial discovery of "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case [,] . . . or statements made by prospective government witnesses . . . ." Fed. R. Crim. P. 16(a)(2). The government has a continuing duty promptly to disclose additional evidence or material to the defendant as it is discovered. Fed. R. Crim. P. 16(c).

Independent of its obligations under Rule 16, the United States has a constitutional obligation to disclose exculpatory evidence and impeachment evidence of prosecution witnesses when such evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Kyles v. Whitley*, 514 U.S. 419, 432–33 (1995).[3]

---

[3] In this order, the Court refers to the obligations described in the Supreme Court's decisions in *Brady* and its progeny as the government's *Brady* obligations.

3

1   Finally, this Court's local rules require the government and defense to confer regarding a
2   schedule for the disclosure of the information subject to discovery in Rule 16 and any other rule,
3   statute, or case authority. Crim. L.R. 16-1(a). If the parties cannot agree on a schedule, the Court
4   may set a schedule for the disclosure of such information. Crim. L.R. 16-1(b). Neither the
5   government nor Mr. Martinez-Flores disputes that, as a general matter, the Court has authority to
6   issue orders managing pre-trial disclosure of documents and information required to be disclosed
7   under Rule 16 and *Brady*. *See, e.g.*, *United States v. Cerna*, 633 F. Supp. 2d 1053, 1055–58 (N.D.
8   Cal. 2009) (discussing relevant authority).

## III. DISCUSSION

Mr. Martinez-Flores has two primary concerns. First, he says that the discovery that the government has produced so far is of relatively marginal value and does not include the documents and information that will allow him to prepare his defense. Dkt. No. 150 at 1. In particular, Mr. Martinez-Flores asks the Court to require the government to produce reports from local, state, and federal law enforcement (especially those reflecting the investigation after the date of the September 22, 2016 murder charged in the case), statements of non-testifying witnesses, and forensics evidence. Dkt. No. 139 at 7–8; Dkt. No. 168. Second, he says that the government has not produced discovery in a timely manner. He seeks an order requiring the government to identify the universe of material subject to disclosure, to comply with a timetable for its production, and to identify the basis for withholding any materials the government does not intend to produce. Dkt. No. 150 at 5.

### A. Disclosure of Material Evidence

Mr. Martinez-Flores says that the government's production to date omits "the mainstays of criminal discovery that the government routinely turns over to the defense in cases of this sort." Dkt. No. 150 at 2. He says this discovery typically includes a complete set of the reports of investigation prepared by the responsible federal and state agencies; forensic evidence and lab reports (including lab notes) analyzing such evidence; "A-files" documenting defendants' alleged ties to criminal organizations; immigration files; discovery from related criminal cases; a complete set of jail recordings; expert reports; and *Brady* materials. *Id.* Mr. Martinez-Flores contends that

4

the government has not produced the discovery that connects many of the crimes described in the indictment to the defendants who allegedly committed them. *Id.* He says the government's failure to make this production violates both Rule 16 and *Brady*.

The United States does not claim to have completed its production of all Rule 16 and *Brady* material. It embraces its obligation to produce such material before trial such that the material can be effectively used by the defense, and insists that it has made— and will continue to make—the required disclosures. Dkt. No. 148 at 2. With respect to Mr. Martinez-Flores' specific demands, the government says that, under Rule 16(a)(2), a defendant may not ask the Court to compel the production of reports by state and local law enforcement agencies that have been turned over to the government for use in federal prosecution. Regardless, the government asserts that it has already produced voluntarily some of the very law enforcement reports Mr. Martinez-Flores seeks, as well as forensic evidence, and will continue to do so, rendering defendant's motion on those points moot. *Id.* at 4–5. In addition, the United States contends that, to the extent Mr. Martinez-Flores seeks production of witness statements for non-testifying witnesses, there is no legal authority for the Court to order such production, and, in any event, the government "will not know for some time who it will call at trial." *Id.* at 5.

Under Rule 16(a)(1)(E), the government must produce documents and information in its possession, custody, or control that are "material to preparing the defense," subject to the provisions of Rule 16(a)(2). Information is material if it will help Mr. Martinez-Flores prepare his defense or event if it merely informs the strategy he plans to take in his defense. *See United States v. Hernandez-Mesa*, 720 F.3d 760, 768 (9th Cir. 2013). *Brady* likewise requires the government to produce material exculpatory and impeachment evidence, although the *Brady* materiality standard is narrower than Rule 16's standard. *See United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).

The parties dispute whether particular investigative reports are subject to discovery at this time under Rule 16 or *Brady*. While the United States is correct that Rule 16(a)(2) precludes an order requiring disclosure of incident reports created by state or local law enforcement when they are turned over to the federal prosecutor for use in the federal prosecution of the same acts by the

5

same people, *United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007), the government is not correct that its invocation of Rule 16(a)(2) with respect to such material has no implications for its compliance with *Brady*. As Judge Orrick explained in *United States v. Williams*, "Rule 16(a)(2) does not, in itself, trigger additional *Brady* or other disclosure obligations. However the government's cooperation with [local law enforcement], and access to its files, nonetheless impacts the government's *Brady* obligations." Case No. 13-cr-00764 WHO, 2015 WL 3830515, at *4 (N.D. Cal. June 19, 2015); *see also Cerna*, 633 F. Supp. 2d at 1060 (describing in detail *Brady* obligations of federal prosecutor who has been given access to files of state police).

With respect to the investigative reports in this case, the Court does not have sufficiently specific information about the documents or document categories at issue and the reasons why they have not been produced to determine whether the United States must disclose particular material now, or whether the government has legitimate reasons to withhold it, in whole or in part, or to delay its production. This is a difficulty that extends to the Court's evaluation of Mr. Martinez-Flores's other specific demands for production. The Court does not fault Mr. Martinez-Flores for this lack of specificity. At this stage of the case, only the government knows what material it has and what material it has not yet reviewed or produced.

The Court is persuaded that the United States' review and production of discoverable material in its possession, custody, or control should be prioritized to address Mr. Martinez-Flores' and other defendants' concerns about the lack of meaningful evidence produced to date. As explained below, the Court orders further proceedings to that end.

### B. Timing of Disclosures

Local Rule 16-1(a) directs the parties to confer within fourteen days of arraignment in order to agree to a schedule for Rule 16 discovery. Crim. L.R. 16-1(a). It is unclear from the record before the Court whether such a schedule was ever discussed after the arraignments of any of the defendants.

The United States observes that "[r]acketeering cases of this complexity do not generally resolve in this district for 3 or 4 years." Dkt. No. 148 at 1. According to counsel for the government, among the reasons for this delayed time to trial is the long time it takes for the United

States to review and provide discovery to the defense and for the Court to resolve disputes about that discovery. Undue delay does not serve the interests of fairness and justice, and at this stage of the case, where the government has substantially all of the relevant information, unnecessary discovery delay disproportionately prejudices the defense.

The Court appreciates the difficulty the United States faces in responding to (possibly conflicting) demands for production of discovery from twelve different defendants. In addition, the Court is mindful of the government's need to produce documents and information in a manner that protects the safety of witnesses. However, those concerns must be weighed against the need for defendants to prepare their cases for trial. This need is particularly pressing for defendants, like Mr. Martinez-Flores, who are charged with death-eligible offenses.

The United States' review and production of Rule 16 and *Brady* material has been too slow. The sheer volume of evidence the government says it has, compared to the relatively meager amount that it has reviewed and produced to date, means that it must do much more than it has done so far to review the material for production. In addition, the government must also take steps to determine what information relevant investigative agencies have so that it may timely comply with its *Brady* obligations.[4] *See Kyles*, 514 U.S. at 437 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); *Cerna*, 633 F. Supp. 2d at 1060; *see also* United States Attorney Manual, sec. 9-5.002 (Criminal Discovery).

For these reasons, the Court concludes that compliance with a discovery schedule for the government's production of Rule 16 discovery and *Brady* material will facilitate the timely disclosure of evidence in this case. In aid of that effort, the parties shall proceed as follows:

1. On or before **October 17, 2018**, the United States shall provide to defendants an inventory of the potentially discoverable material (i.e., material that must be reviewed for possible production) in its possession, custody, or control. The inventory must include the material to

---

[4] At the hearing, government counsel acknowledged that he had not yet reviewed documents and information held by some investigative agencies and did not know what material might be discoverable. Dkt. No. 168.

which the government refers in its August 13, 2018 status report as "documents, audio, video and other files making up approximately 315 gigabytes of data." Dkt. No. 140 at 1. The inventory must also include paper documents, physical evidence, and forensics evidence in the possession, custody, or control of the United States or to which it has access as a result of its investigation of the charged offenses. The inventory need not identify potentially discoverable material on an item-by-item basis, but it should be sufficiently informative so that defendants may know the categories of material that the United States has and that may be discoverable.

2. Within **twenty-one days** after receipt of the government's inventory, defendants shall jointly identify with respect to the inventory which particular materials or categories of materials they wish the government to prioritize for review and production, and shall communicate that identification to the government. Counsel for defendants shall confer in advance in order to reach a consensus, to the extent possible, regarding the materials they wish the United States to prioritize for review and production.

3. Within **fourteen days** after defendants have identified the materials for priority review and production, counsel for all parties shall confer regarding a schedule for the government's production of such materials.

4. Within **fourteen days** after the conference of counsel in paragraph 3, the parties shall file an agreed proposed discovery schedule for the Court's review. If the parties do not agree on a proposed schedule, they shall instead file their respective proposed schedules with the Court, accompanied by an explanation in support of their respective positions.

After receiving the parties' submission(s) regarding a proposed discovery schedule, the undersigned will convene a discovery status conference to discuss any matters in dispute and to set a schedule. Such a schedule will be subject to review and approval by Judge Davila.

**IT IS SO ORDERED.**

Dated: September 17, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

8